FILED & JUDGMENT ENTERED
Steven T. Salata

Sep 26 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

In re:                              )
                                    )
**LORI TAYLOR MESHELL,**             )    Chapter 13
                                    )    Case No. 13-30694
              Debtor.               )
_____)

**ORDER DENYING DEBTOR'S MOTION TO EXCLUDE CONDUIT**

**THIS MATTER** is before the court on the Motion to Exclude Conduit ("Motion") filed by the Debtor on August 15, 2014. The court held hearings on the Motion on September 9, 2014 and September 23, 2014. The Debtor's attorney and an attorney representing the Chapter 13 Trustee were present at both hearings.

The Motion seeks to allow the Debtor to pay her mortgage payments directly rather than through the Chapter 13 Trustee's conduit system. The court established the conduit system via its June 29, 2009 Administrative Order Establishing Procedure for the Disbursement of Postpetition Conduit Mortgage Payments to be Effective July 1, 2009 and subsequently memorialized the conduit procedures in Local Rule 3003-1. Local Rule 3003-1(b)

requires debtors to make their "conduit mortgage payments" through the Chapter 13 Trustee unless the court orders otherwise. Local Rule 3003-1(c)(1) allows debtors to be excused from the conduit system "only upon the showing of good cause and extraordinary circumstances," puts the burden of proof on debtors to show the required good cause and extraordinary circumstances, and notes that the additional cost associated with the Chapter 13 Trustee's statutory commission alone is not sufficient to justify an exception from the system.

The Debtor's proposed Chapter 13 plan and May 8, 2013 Motion to Temporarily Exclude Conduit sought permission for the Debtor to temporarily make direct mortgage payments while she sought a modification of her mortgage and anticipated adding the mortgage back into her Chapter 13 plan after the modification was complete. The court confirmed the Debtor's plan on May 8, 2013 and granted the Debtor's Motion to Temporarily Exclude Conduit on May 31, 2013, and the court's January 17, 2014 order approved the Debtor's permanent mortgage modification and set a status hearing to determine whether the modified mortgage should be paid through the conduit system. According to the Motion, the Debtor now seeks to be permanently excused from the conduit system because she has an "extremely tight budget" and her income has decreased post-petition because she can no longer work her summer job due to medical problems. The Debtor's September 17, 2014 amended budget shows that her monthly net

2

income has decreased from $150.00 to $137.01, a difference of $12.99, since she filed this case on April 2, 2013.[1]  At the September 23 hearing, the attorney for the Chapter 13 Trustee estimated that the additional monthly cost of the conduit program as a result of the Trustee's commission would be $26 or $27 for this Debtor.

While the court has granted motions similar to the Debtor's Motion in the past, recent controversies in other Chapter 13 cases have caused the court to reconsider the wisdom of allowing debtors to avoid participation in the conduit system due to feasibility issues.  Some debtors have more robust budgets than others, but a debtor in a bankruptcy case with a tight budget is not an extraordinary circumstance that would justify excusal from the conduit program pursuant to Local Rule 3003-1(c)(1). All debtors who have filed Chapter 13 since the entry of the court's June 29, 2009 administrative order have done so with notice that participation in the conduit system is mandatory, and allowing debtors with tight budgets to avoid making conduit mortgage payments forces other debtors to carry more of a burden in supporting this district's Chapter 13 cases.  In addition, Local Rule 3003-1(c)(1) specifically provides that the additional cost associated with making mortgage payments through

---

[1] While the amended budget shows that the Debtor's net income has decreased by $300.00 since she filed this case, her net expenses also decreased by $287.01.  The reduction in expenses is primarily a result of her actual modified mortgage payments in the amount of $577.99 as opposed to the "Projected Modified Home Loan Payment" of $750.00 included in her original budget.

the Chapter 13 Trustee is not a valid basis for a debtor to avoid participation. The court is sensitive to the tight budgets of this Debtor and many other debtors, but there are other ways to make their Chapter 13 plans feasible that do not adversely impact the entire Chapter 13 system. Accordingly, the Motion is hereby **DENIED**.

    **SO ORDERED.**

This Order has been signed                     United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.